The Honorable Bobby L. Hogue State Representative P.O. Box 97 Jonesboro, AR 72403-0097
Dear Representative Hogue:
This is in response to your request for an opinion regarding a school board's authority to grant or deny parking privileges. You have posed the following specific question:
 [W]hether a school board has the authority to deny parking to a student that holds a legal driver's license simply because that student is under age 16 years.
You have not indicated the school board's basis for the denial of parking privileges, nor have you stated whether the policy has been challenged and if so, whether such challenge is based upon a constitutional or other legal claim. Without such information, this office cannot evaluate the board's policy any further than to set forth the legal standards by which a court would evaluate the policy if it were challenged.
Applying those legal standards, which are set forth in the following paragraphs, it is my opinion that a school board may promulgate a policy of denying parking privileges to students under the age of sixteen; however, the school board must not do so arbitrarily or capriciously. That is, it must have a reason for its policy. Moreover, in promulgating the policy, the board may not violate other applicable laws.
Under Arkansas law, school boards are given broad discretion in formulating the policies that govern the details of the operation of their school systems. This discretion is based in part upon A.C.A. §6-13-620(13). That section provides:
 The board of directors of each school district in the state shall be charged with the following powers and perform the following duties:
* * *
 (13) Do all other things necessary and lawful for the conduct of efficient free public schools in the district.
A.C.A. § 6-13-620(13).
Arkansas courts have long interpreted the above-quoted statutory provision as allowing school boards wide latitude in formulating the rules and policies that govern their school systems. See, e.g., Safferstone v.Tucker, 235 Ark. 70, 72, 357 S.W.2d 3, 4 (1962); Isgrig v. Srygley,210 Ark. 580, 197 S.W.2d 37 (1946). See also Springdale Board of Educationv. Bowman, 294 Ark. 66, 69, 740 S.W.2d 909, 910 (1987); Leola SchoolDistrict v. McMahan, 289 Ark. 496, 498, 712 S.W.2d 903, 905 (1986). The courts have further held that they will not substitute their judgment for that of a school board with regard to policy matters, unless the school board, in enacting the policy in question, abused its discretion or acted arbitrarily, capriciously, or contrary to law. Id. The court in Leola,supra, explained "arbitrary and capricious" action by a school board as being action that is not supportable "on any rational basis." Leola,289 Ark. at 498, 712 S.W.2d at 905. Thus, the board's policy must serve some purpose. It should also be noted that the party challenging the school board's policy has the burden of proving the board's abuse of discretion by clear and convincing evidence. Springdale, 294 Ark. at 69,740 S.W.2d at 910.
From these authorities, it can be concluded generally that a school board may deny parking privileges to students under the age of sixteen if it has a rational basis for such denial. It may further be concluded that the policy cannot run afoul of other requirements of law, such as constitutional principles or statutory mandates like the provisions granting parking privileges to persons with disabilities. See A.C.A. §27-15-313.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh